FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 1 0 2020

JAMES N. HATTEN, Clerk
By:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SANTWON ANTONIO DAVIS | Criminal Information<br><br>No. 1:20-CR-476 |

THE UNITED STATES ATTORNEY CHARGES THAT:

## COUNT ONE – Wire Fraud
## 18 U.S.C. § 1343

1. From on or about December 12, 2019, through on or about March 22, 2020, in the Northern District of Georgia, the defendant, SANTWON ANTONIO DAVIS, devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

### The Scheme to Defraud

2. At all times material to this Information, the defendant was employed by a national company and worked in its facility located in the Northern District of Georgia.

3. The objective of the scheme was for the defendant to obtain funds from the company.

4. To accomplish the unlawful objective of the scheme, the defendant submitted false and fraudulent claims for benefits to the company.

5. It was part of the scheme that in December 2019, the defendant fraudulently claimed that his minor child, K.D., died in an automobile accident. In reliance on the defendant's false and fraudulent representations and in accordance with the union contract, which provided for paid leave for the death of a biological child, the company paid the defendant for forty hours of funeral pay.

6. It was part of the scheme that in March 2020, the defendant fraudulently claimed that he had contracted COVID-19. In reliance on the defendant's false and fraudulent representations and in an attempt to protect its employees and the public from the serious public health crisis, the company closed its facility on March 23, 2020, and paid four employees who were required to quarantine themselves because they had been in close contact with the defendant.

### Execution of the Scheme

7. To execute this scheme to defraud, the defendant caused the transmission of interstate wire communications. On or about March 22, 2020, in the Northern District of Georgia, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, the defendant, SANTWON ANTONIO DAVIS, did, with the intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, that is an email from the defendant

2

to the company's Plant Manager, with an attached image of a "work/school excuse letter."

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO – Bank Fraud
## 18 U.S.C. § 1344

8. From on or about May 19, 2020, through on or about June 23, 2020, in the Northern District of Georgia, the defendant, SANTWON ANTONIO DAVIS, knowingly devised and intended to devise a scheme and artifice to defraud CalCon Mutual Mortgage LLC, a financial institution, and to obtain and attempt to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, that financial institution, by means of materially false and fraudulent pretenses, representations, and promises, as well as by omission of material facts.

### The Scheme to Defraud

9. The objective of the scheme was for the defendant to obtain funds from the financial institution, specifically in the form of a mortgage for a property located in the Northern District of Georgia.

10. To accomplish the unlawful objective of the scheme, the defendant executed a Uniform Residential Loan Application which included materially false and fraudulent pretenses, representations, and promises, and also omitted material facts. For example, the defendant listed a social security number not assigned to him but to another individual whose identity was known to him, misstated his employment history, and inflated his income.

3

11. It was part of the scheme that the defendant submitted documents containing materially false and fraudulent pretenses, representations, and promises, and also omitted material facts, during the underwriting process for the mortgage loan. For example, the defendant submitted to the financial institution fabricated paystubs with an inflated rate of pay from a company which was no longer his employer and a fabricated bank account statement that reflected the direct deposit of this inflated pay into his bank account.

## Execution of the Scheme

12. To execute this scheme to defraud, on or about May 19, 2020, the defendant, SANTWON ANTONIO DAVIS, did, with the intent to defraud, execute a Uniform Residential Loan Application, which included materially false and fraudulent pretenses, representations, and promises, and also omitted material facts, and did submit this application to CalCon Mutual Mortgage LLC, a financial institution, from which the defendant intended to obtain and attempt to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, that financial institution.

All in violation of Title 18, United States Code, Section 1344.

## Forfeiture Provision

13. As a result of committing the wire fraud offense alleged in this Information, in violation of Title 18, United States Code, Section 1343, and the bank fraud offense alleged in this Information, in violation of Title 18, United States Code, Section 1344, the defendant, SANTWON ANTONIO DAVIS, shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to such offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

14. If, as a result of any act or omission of defendant DAVIS, property subject to forfeiture

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred to, sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property, which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of other property of the defendant up to the value of the forfeitable

property described above.

BYUNG J. PAK
 *United States Attorney*

*/s/ Sarah E. Klapman*

SARAH E. KLAPMAN
 *Assistant United States Attorney*
Georgia Bar No. 437221
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181